For the State: Attorney General.

For defendant: J. P. Mahoney, Hogan & Hogan.

| State of Rhode Island vs. Benjamin Brennan, alias, Joseph Mayo, alias, Michael Powers, alias. | Ind. No. 2701. |

July 5, 1934.

O'CONNELL, J. This case was heard upon the defendants' motion to dismiss. The indictment in the case charged the above named defendants, together with one Peter O'Neill, of committing an assault and battery upon one William A. Adamson, with intent to rob. The defendants Brennan, Mayo and Powers had previously filed a plea of former jeopardy in the following form:

"Now come the defendants in the above entitled cause and in their own proper persons and having heard the said indictment read and protesting that they are not guilty of the premises charged in the indictment,, say that the State of Rhode Island ought not further to prosecute the said indictment against them, the said Benjamin Brennan, Joseph Mayo and Michael Powers, because they say that heretofore, to wit, at a Session of the Superior Court held for the County of Newport at the March Term 1933, it was then and there presented to the Grand Jury and subsequently to the Petit Jury that they, said Benjamin Brennan, Joseph Mayo and Michael Powers 'did, without lawful authority, forceably and secretly confine and imprison said William A. Adamson within the state of Rhode Island against his will and forceably seize, confine, inveigle and kidnap said William A. Adamson with intent to cause him, the said William A. Adamson, to be secretly confined and imprisoned within the State of Rhode Island against his

will and with intent to extort money from him, the said William A. Adamson in violations of the provisions of Chapter 1866 of the Public Laws of the State of Rhode Island passed at the January Session, A. D. 1932'; that thereafter, on, to wit, March 21, 1933 a jury after having heard the cause returned a verdict of not guilty as charged in the indictment against the said defendants Brennan, Mayo and Powers but found the defendants Brennan and Mayo each guilty of assault but made no finding of guilt against the defendant Powers, said Powers being ordered discharged by the said Court; that thereafter, to wit, on April 11, 1933 the said defendant Benjamin Brennan was sentenced to pay a fine of Twenty Five Dollars and Costs which said fine and costs were then and there paid, and the said defendant Joseph Mayo was sentenced to pay a fine of Twenty Five Dollars and Costs which said fine and costs were then and there paid; that said judgment and record still remain in full force and effect, and is not in the least reversed or made void, and the said Benjamin Brennan in fact says that he the said Benjamin Brennan and the said Benjamin Brennan so indicted and acquitted as hereinbefore set forth are one and the same person and not other and different persons, and the said Joseph Mayo in facts says that he the said Joseph Mayo and the said Joseph Mayo so indicted and acquitted as hereinbefore set forth are one and the same person and are not other and different persons, and the said Michael Powers in fact says that he the said Michael Powers and the said Michael Powers so indicted and acquitted as hereinbefore set forth are one and the same person and not other and different persons, and the crime charged of which the said Benjamin Brennan, said Joseph Mayo and said Michael Powers were so indicted and acquitted as aforesaid and the offence charged of which they, said Benjamin Brennan, said Joseph Mayo and said Michael Powers are now indicted, are one and the same offense and not other and different offenses, and this the said Benjamin Brennan, said Joseph Mayo and said Michael Powers are ready to verify.

Wherefore they pray judgment and that by this Honorable Court they may be dismissed and discharged from said premises in the indictment specified.

By their attorneys,
Jeremiah P. Mahoney,
Moore & Curry."

The defendant Peter O'Neill filed a separate plea of former jeopardy, which in a separate rescript the Court has dealt with on his motion to dismiss the instant indictment.

Counsel agreed that the Court could pass upon the sufficiency of these pleas on the defendants' motion to dismiss and the Attorney General advised the Court that evidence relating to the assault herein charged had been offered and received in Indictment No. 2700, referred to in the motion to dismiss and in the plea above set forth, wherein the jury returned a verdict of not guilty as charged in the indictment against all the defendants, but found the defendants Brennan and Mayo each guilty of assault, found the defendant Peter O'Neill guilty of assault and battery, but made no finding of guilt against the defendant Powers, said Powers being ordered discharged by the Court. The Attorney General contended, however, that this indictment sets out a distinct and separate offence than that upon which tthe defendants had previously been indicted and tried. But since an assault or an assault and battery are essential elements of the offence charged in the present indictment, the Court is of the opinion that a find-

ing of guilty would subject the defendants Brennan and Mayo to additional penalty and punishment for the same offence and a trial under this indictment would place all of the defendants in double jeopardy.

The motion to dismiss is therefore granted and it is hereby ordered and directed that the indictment be dismissed and all the defendants therein named, discharged, dismissed and released thereunder.

For the State: Attorney General.

For defendants: J. P. Mahoney, Hogan & Hogan.